# FRANK J. STAFFORD *v.* AMELDA ZAKE

[No. 19, April Term, 1941.]

*Decided May 29th, 1941.*

461

The cause was argued before Bond, C. J., Sloan, Delaplaine, Collins, and Forsythe, JJ.

*Robert E. Coughlan, Jr.,* for the appellant.

*Michael J. Manley,* with whom was *Samuel Perel* on the brief, for the appellee.

Bond, C. J., delivered the opinion of the Court.

The appeal is by an owner of a motor truck from a judgment for damages for injuries to a little girl of seven years, struck as the truck was being driven up a street or alley where she was playing.

In Bruce Street, in Baltimore City, a street or alley running north from Lombard Street between Mount Street and Fulton Avenue, of 11.81 feet width in the bed, and with sidewalks of less than five feet each, the plaintiff below, Amelda Zake, was playing on a rear step of an ice struck stopped on the east side facing south, its front wheels partly against the northern end of the sidewalk on that side, 71.2 feet north of the rear building line of Lombard Street. As that ice truck was 7.5 feet wide, it necessarily occupied some part of the 11.81 feet street bed. The truck of the defendant was driven north at a speed estimated by its driver, the only witness to the speed, at from five to ten miles an hour. William Brooks, aged nine years, a playmate, ran across the street ahead of the oncoming truck, and as he reached the other side called to Amelda to chase him, but when she had jumped down and run almost across the street, he saw the truck and called to her to "watch out." She turned, saw the truck a little back of the standing truck, as she said, ran back across the street again, and was struck by the right

fender of the defendant's truck and injured. The driver had seen the boy run across, but did not see the girl, and knew nothing of her presence until he heard her scream.

There was a contention that the driver could be found negligent in driving on his left in the street, but his truck was six and two-thirds feet wide and he had only about eight feet of the whole street bed to drive in, and necessarily drove to his left to pass the standing truck. And apparently he would have done equal damage if he had not been so far to his left; he would have struck the child further toward the middle of his truck. His position was not therefore a factor in the accident. We find no evidence of negligence in it. *R. & L. Transfer Co. v. State*, 160 Md. 222, 226, 153 A. 87.

Evidence of negligent speed was contended for from the testimony that the oncoming truck was just beyond the standing truck when Amelda turned and saw it. As the standing truck was nineteen feet long, that testimony places the defendant's truck at about twenty feet or a little more from the child, a space which at ten miles an hour it would cover in about one and half seconds, or at five miles an hour in three seconds. The child ran back the width of the truck in the time consumed, and the truck stopped in a few feet. This evidence alone affords no support for a finding of negligent speed. Plaintiff's witnesses also testified to a skidding for two or three feet before the truck stopped, and a truck moving so slowly as five or ten miles an hour would not have the momentum to skid in stopping. An inference of negligent speed from that evidence, however, is opposed by the other direct evidence of the space covered in the time it was seen by the children, and that crossed by the child meanwhile, and the short stop of the truck. The fact of skidding is not alone evidence of negligence, and the court is of opinion that the whole evidence cited to establish excessive speed would not support an inference of it by a jury. *Wolfe v. State*, 173 Md. 103, 116, 194 A. 832; *Fillings v. Diehlman*, 168 Md. 306, 309, 177 A. 400.

The jury was instructed that if it found the driver guilty of negligence on a last clear chance to avoid the accident the verdict should be for the plaintiff; and the evidence to support such a finding is meagre. It was testified that children frequently played in that alley, that loose sand on a vacant lot by the side of the alley attracted them, and evidence also that the driver frequently used the alley. He had just seen a boy of nine years run across in front of him. These facts serve to determine the measure of care required in his driving. He must have expected to encounter children, and should have driven as that expectation required; he must have been prepared to stop quickly, as the movements of small children in close proximity sometimes require it. But if he had seen this child run across twenty feet in front of him, should he have driven in expectation that it would turn and run back? Putting it another way, could he be found negligent on a last clear chance then to avoid the danger from the child's running back? Or would she have collided with the truck even if the driver had exercised all care? Young as the child was, she could be found guilty either of contributory negligence or only of impulse or bewilderment to be expected in one of its age. The jury would decide which it was. *Zulver v. Roberts,* 162 Md. 636, 640, 161 A. 9. If it had been a child so large as to be responsible for its own safety, negligence in its action would have been concurrent with any in the driving. *Legum v. State,* 167 Md. 339, 355, 173 A. 565. The case would then be similar in principle to that suggested by *Salmond on Torts,* (7th Ed.) of two bicyclists moving toward each other heads down and careless of their danger. Each could by due care have looked up and avoided the consequences of the other's negligence, but because of his lack of care must be barred from recovering for injuries. But whether the action should be considered negligence in so small a child, or not, if it could be found that she was not in control of her safety, because of youth or bewilderment, and found that the driver should have seen, in time to stop, that she was not

so in control, then causal negligence on a last clear chance afforded the driver might be found. The question would be one of sufficiency of evidence of time to stop.

The time was short at most, one and a half to three seconds after the child started back. The court has concluded, however, that the jury might find that the driver should have anticipated some irresponsible movement on the child's part, and that there was sufficient time, if he had been as watchful as he should have been, to stop and avoid her, and that he was therefore the responsible cause of the accident. The question was properly left to the jury. *Mahan v. State,* 172 Md. 373, 383, 385, 191 A. 575; *Gitomir v. United Railways & Electric Co.,* 157 Md. 464, 468, 146 A. 279; *State v. Washington, B. & A. Electric R. Co.,* 149 Md. 443, 459, 131 A. 822. A prayer for direction of a verdict for the defendant because of the child's negligence was properly refused, because the court could not adjudge her guilty of negligence in the emergency. And a modification of instructions prayed by the defendant on a finding of the effect of her negligence, by adding a statement of the effect of the driver's negligence on a last clear chance notwithstanding, was proper.

Exception was taken to two rulings on evidence. A question to the driver whether his truck at five or ten miles an hour would skid was relevant and properly admitted. And testimony of a neighbor that children played in the alley at all times was relevant to the issue of knowledge of conditions by a driver who used the alley frequently.

*Judgment affirmed, with costs.*