COCCO *v.* LISSAU ET AL.

[No. 116, October Term, 1952.]

*Decided April 17, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*Grafton D. Rogers,* with whom was *William C. Holland,* on the brief, for appellant.

*Sigmund Levin,* with whom were *Paul Berman, Theodore B. Berman* and *Jacob Metz,* on the brief, for appellees.

DELAPLAINE, J., delivered the opinion of the Court.

Frederick G. Lissau, an infant, by Richard G. Lissau, his father and next friend, and Richard G. Lissau, in his own right, brought this action for damages sustained when the infant was struck by an automobile driven by Louis Cocco on Patapsco Avenue in Anne Arundel County.

The accident occurred on July 30, 1950, shortly before 8 p.m., when it was still daylight. Patapsco Avenue is a country road leading to Kurtz's Beach and Maryland Beach 144 feet to the south. The 8-year-old plaintiff, who had been at Kurtz's Beach with a 9-year-old cousin, ran through Kurtz's entrance gate on his way to the lot on the other side of the road, where he had parked his bicycle. About the same time defendant, accompanied by his girl friend, whom he afterwards married, started north from the entrance to Maryland Beach. Just as he passed the entrance to Kurtz's Beach, he heard a "thud and everybody screaming." His car, which he was driving in the center of the road, struck the infant plaintiff and the right front wheel ran over his left leg. Defendant testified that he was driving at the rate of about 10 or 15 miles an hour, and when he applied the brakes the car stopped almost immediately. He stated that he got out of the car and in spite of the excitement reached the right side of the car, where the injured boy was lying, within thirty seconds.

The trial judge overruled defendant's motion for a directed verdict, and submitted the case to the jury. The jury brought in a verdict in favor of the infant plaintiff for $3,100 for his injuries, and in favor of his father for $650 for hospital and medical expenses. The

judge then overruled defendant's motion for judgment *n.o.v.*, and entered judgment on the verdict. From that judgment defendant appealed here.

The decisive question is whether there was any evidence of negligence legally sufficient for submission to the jury. In order to decide that question we inquire (1) whether defendant was negligent in driving in the center of the road; (2) whether there was any evidence that he was driving at an excessive speed; and (3) whether there was any evidence that he was driving recklessly.

*First.* The Maryland Motor Vehicle Law provides that upon all roadways of sufficient width a vehicle shall be driven upon the right half of the roadway, except when overtaking and passing another vehicle proceeding in the same direction, or when the right half of a roadway is closed to traffic while under construction or repair, or upon a roadway divided into three marked lanes for traffic, or upon a roadway designated and sign posted for one-way traffic. Code 1951, art. 66½, sec. 182.

A driver who violates this "rule of the road" is *prima facie* guilty of negligence where the violation directly and proximately causes a collision and injury to another traveler on the road, and the burden is then cast upon the driver to overcome the presumption of negligence by showing that under the circumstances, such as the condition of the road or an emergency in the traffic, he was justified in driving in the center or upon the left half of the road. We emphasize, however, that a violation of this rule does not constitute negligence except when it is the direct and proximate cause of the injury. *Kelly v. Huber Baking Co.*, 145 Md. 321, 125 A. 782; *Lusk v. Lambert,* 163 Md. 335, 163 A. 188; *Consolidated Gas, Electric Light & Power Co. v. O'Neill,* 175 Md. 47, 200 A. 359; *Crunkilton v. Hook,* 185 Md. 1, 42 A. 2d 517.

In this particular case defendant cannot be charged with negligence for driving in the center of the road, because the fact that he was driving in the center was not the direct and proximate cause of the accident. As a matter of fact, a person darting into the road from

Kurtz's Beach, which is on the east side of the road, would be more likely to be struck by a car traveling on the east side of the road than by a car traveling in the center, because the driver would have more chance to see him and to slow down or turn aside to avoid hitting him. At the place where this accident happened, the road is only about 18 feet wide. At 8 o'clock in the evening this narrow road was crowded with people walking on the east side of the road and on the grass along the side of the road. The traffic was northbound as the people were leaving the beaches. For these reasons the Court accepts defendant's view that the boy had a better chance to avoid being hit by a car in the center of the road than by a car on the east half of the road.

*Second.* The Motor Vehicle Law provides that no person shall operate a motor vehicle over any public highway of the State recklessly or at a rate of speed greater than is reasonable and proper, having regard to the width, traffic and use of the highway, or so as to endanger the property and life or limb of any person. Code 1951, art. 66½, sec. 174.

We find no legally sufficient evidence that defendant was driving at a speed greater than was reasonable and proper. His testimony that he was driving at the rate of about 10 or 15 miles an hour was corroborated by eyewitnesses. Beatrice Forwood, who was walking near the gate at the time of the accident, testified: "He was going slow, because there were people on the road. * * * He stopped immediately. He couldn't have gone very far, because the boy was in the center part of the car."

*Third.* We find no legally sufficient evidence that defendant was driving recklessly. This Court has stated that, since the public highways are for the use of everyone, the rights of motorists and pedestrians on a highway are reciprocal. Each must anticipate the other's possible presence; each must recognize the dangers inherent in the manner in which it may be lawfully used by the other; and each must accommodate his movements to the other's lawful use of it. *Mahan v. State, to Use of*

*Carr,* 172 Md. 373, 384, 191 A. 575. An automobile driver must exercise toward others on the highway that degree of care which a person of ordinary prudence would exercise under similar circumstances. *Whitelock v. Dennis,* 139 Md. 557, 561, 116 A. 68; *State v. Magaha,* 182 Md. 122, 130, 131, 32 A. 2d 477; *Miller v. Graff,* 196 Md. 609, 616, 78 A. 2d 220, 222; *Johnny's Cabs, Inc. v. Miller,* 199 Md. 16, 23, 85 A. 2d 439, 442.

Defendant testified that he was looking carefully ahead and had his car under control. He stated that as soon as he heard the thud and the screams he applied the brakes, and the car stopped within several feet. Defendant's wife testified that, although she was sitting on the front seat, she did not see any children on the road. The police officer, who arrived at the scene shortly after the accident, testified that the skid marks were 12 feet long, but another mark made by blue dungarees indicated that the boy was dragged only about 3 feet.

The boy testified that he looked "up and down" the road and did not see any cars coming. His testimony was incredible because he was struck immediately after he came upon the road. We therefore apply the rule that when a witness with good eyesight testifies that he did not see a certain object, which, if he had actually looked, he must necessarily have seen because it was within his view at that time, his testimony is not worthy of consideration. *Baltimore Transit Co. v. Young,* 189 Md. 428, 435, 56 A. 2d 140; *York Motor Express Co. v. State, for Use of Hawk,* 195 Md. 525, 534, 74 A. 2d 12.

The eyewitnesses of this accident testified that the boy darted directly into the path of the oncoming car. The boy testified that he did not run into the road but was only "walking kind of little fast." Nevertheless, whether he ran or whether he walked fast, the uncontradicted evidence shows that defendant had no opportunity to avoid striking him.

We recognize that a motorist, even when not at or near an intersection, should keep a lookout for children along the side of the road who might suddenly come

into the road in front of him. As this Court said in *Ottenheimer v. Molohan*, 146 Md. 175, 185, 126 A. 97, it cannot be ruled as a matter of law that a motorist is free from negligence in driving along the edge of a road at a rapid speed past children playing at the roadside, when there is nothing to prevent him from turning toward the center of the road, since the habit of children while playing to become oblivious to danger should be a warning to an approaching driver to slow down and turn as far away as practicable under the circumstances. On the other hand, as we said in *Henkelmann v. Metropolitan Life Insurance Co.*, 180 Md. 591, 596, 26 A. 2d 418, and *Miller v. Graff*, 196 Md. 609, 616, 78 A. 2d 220, 223, if a child darts out in front of an approaching automobile when the driver is traveling at a reasonable rate of speed and obeying the rules of the road, so that with the exercise of ordinary care he is unable to avoid running into the child, he is not liable for any injuries the child may sustain.

In the case at bar the child either ran or walked blindly into the path of the automobile when it was so near that the only possible inference is that, although defendant was driving in the center of the road, the accident could not have been avoided by him, even if he had seen the child. As there was no legally sufficient evidence that defendant was driving at an excessive speed or in a reckless manner, or that he could have avoided striking the child by the exercise of ordinary care, the trial judge should have withdrawn the case from the jury.

As we have determined that defendant was not guilty of negligence, it is unnecessary to discuss any other questions that were argued.

*Judgment reversed without a new trial, with costs.*