STATE, USE OF TAYLOR ET AL. *v.* BARLLY

[No. 167, September Term, 1957.]

*Decided March 24, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT and HORNEY, JJ., and CARTER, J., Chief Judge of the Second Judicial Circuit, specially assigned.

*W. Albert Menchine,* with whom was *Sidney Blum* on the, brief, for the appellants.

*W. Lee Harrison* for the appellee.

PRESCOTT, J., delivered the opinion of the Court.

A jury in the Circuit Court for Baltimore County rendered verdicts in favor of the defendant in two cases that were tried together; one was an action under Lord Campbell's Act for negligence causing the death of Keith Taylor, aged 5 years and 10 months, and the other was by the administratrix of the deceased child. From judgments entered upon these verdicts, the plaintiffs below have appealed.

In the early afternoon of March 10, 1955, a clear, sunny day, the appellee was operating his automobile in a westerly direction on Edmondson Avenue, in Baltimore. At the location of the accident, this avenue is 60 feet, 3 inches wide, and is traversed by two street-car tracks. The two tracks are 6 feet apart and the distance between the individual rails of each track is 5 feet, 10 inches. The distance from the south curb of Edmondson Avenue to the southernmost street-car rail and from the north curb to the northernmost rail is, in each case, a little over 21 feet. A playground entrance on the north side of said avenue is 98 feet west from the west curb of Evergreen Avenue at its intersection with Edmondson Avenue. The deceased child, with other children, was on the south side of Edmondson Avenue, and, intending to cross the avenue to the playground, they walked from said south side to the southern car track, when the deceased started to run for the playground entrance. At that time, the appellee, who had his wife as a passenger, was operating his automobile on Edmondson Avenue in a westerly direction a few inches to the north of the northernmost street-car rail. The car collided with the child, who died as a result of the injuries received. The plaintiffs' witness, Turner, stated the left front bumper of the appellee's automobile struck the child, while the appellee and his wife testified the child came into the left side of the car.

## I

The appellants first contend that the trial court's charge was incomplete with respect to the duty owed by the defendant to the plaintiffs' decedent under the circumstances of this case. They argue that if the death had been that of an adult, the instructions on primary negligence probably were proper; but, in the instant case, the charge wholly ignored the well-established legal principle that the caution owed by an operator of a motor vehicle to a child of tender years is greater than that owed to an adult, whose age, experience and training reasonably can be expected to be utilized to avoid danger.

In this regard, there was testimony, although some of it was disputed, from which the jury could have found the following facts; when the deceased boy had walked from the

curb to the south street-car track and started to run toward the playground, the appellee was some 140 feet to the east, operating his car between 30 and 35 miles per hour in a 25 mile zone; the street was straight, with no moving traffic thereon; and, without at any time observing the child or slowing his car, the appellee struck the child with the front of his car when the child was just a few inches north of the northern car track.

The court instructed the jury concerning the burden of proof, defined negligence, and then stated:

> "that if you believe from the evidence that the defendant, Mr. Barlly, was operating his automobile as an ordinarily prudent person would operate an automobile under the same or similar circumstances as existed in this case, and if you believe from the evidence that the accident complained of was not due to any failure on the part of the defendant, Mr. Barlly, to use reasonable and ordinary care as any other reasonable person would have used in the operation of his automobile, then, of course, your verdict should be for the defendant, Mr. Barlly."

As an abstract statement of law, there is little, if anything, to be found wrong with this quotation. However, the court had not mentioned the fact that the deceased was a child of tender years, and did not do so until he instructed on contributory negligence. The judge did not inform the jury that it was the defendant's duty, even between intersections, to keep a proper lookout for children who may suddenly come out into the street in front of him; nor that the defendant was required by law to recognize that children of tender years do not use the same degree of care and caution for their own safety as do adults. The appellants were entitled to have the jury instructed upon their theory of the case. The deceased was under six years of age. The law requires greater caution from the operator of a motor vehicle who observes a child in the middle of the street than one who sees an adult; and, if his vision were unobscured for 100 feet, or more, it places a duty upon him to see the child. From the above evi-

dence, the jury, if they so desired, were at liberty to conclude that the appellee, having an unobstructed view for some distance, could have avoided striking the child, if he had been driving at a rate of speed that was reasonable under the circumstances and had used proper care to look out for the boy. *Miller v. Graff,* 196 Md. 609, 616, 619, 78 A. 2d 220; *Ottenheimer v. Molohan,* 146 Md. 175, 184, 185, 126 A. 97; 2 *Rest., Torts,* sec. 290 (j); cf. 30 *A. L. R.* 2d p. 9, p. 46 sec. 12, p. 97 sec. 89, p. 91 sec. 83; *Mahan v. State,* 172 Md. 373, 385, 191 A. 575; *Stafford v. Zake,* 179 Md. 460, 463, 20 A. 2d 144; *Lenehan v. Nicholson,* 214 Md. 414, 135 A. 2d 447. Of course, we are not attempting to evaluate the evidence in this case and hold that the defendant was negligent, but are pointing out that there was evidence from which the jury could have found negligence on his part if they were so inclined, after being properly instructed. However, the trial judge failed to instruct them, except in very general terms which probably were not fully understood, that they were at liberty to find negligence on the defendant's part if they found as facts the matters above enumerated.

This Court has held that we cannot put the "trial judge in a strait-jacket and prescribe or adopt a formula to be used and followed by him," with reference to his charge to the jury. *Feinglos v. Weiner,* 181 Md. 38, 48, 28 A. 2d 577; *Shaneybrook v. Blizzard,* 209 Md. 304, 313, 314, 121 A. 2d 218. We have also held that there is no obligation upon the trial judge to point out, in minute detail, all of the reciprocal duties and obligations of the respective parties to a case, *provided the subject under discussion by the judge is fully and comprehensively covered in his charge to the jury. Ager v. Baltimore Transit Co.,* 213 Md. 414, 425, 132 A. 2d 469. We are unable to conclude that the subject of primary negligence was fully and comprehensively covered in the charge, under the circumstances of this case; and we believe this failure resulted in prejudice to the appellants. Cf. *Zulver v. Roberts,* 162 Md. 636, 642, 161 A. 9.

What we have said does not, in any way, alter the previous rulings of this Court in such cases as *Cocco v. Lissau,* 202 Md. 196, 202, 95 A. 2d 857, wherein it was held that if

a child darts out in front of an approaching automobile when the driver is traveling at a reasonable rate of speed and obeying the rules of the road, so that with the exercise of reasonable care he is unable to avoid running into the child, he is not liable for any injuries the child may sustain.

## II

The appellants requested the court to instruct the jury that the plaintiffs' decedent could not, under any circumstances, be guilty of contributory negligence, because he was a child of only 5 years and 10 months of age. They cite to us the cases of *Miller v. Graff, supra; Bozman v. State,* 177 Md. 151, 155, 9 A. 2d 60; and *Mahan v. State,* 172 Md. 373, 385, 191 A. 575, as authorities supporting such a request. In the *Miller* case, this Court held that a child four years of age could not be guilty of contributory negligence, and stated: "We have definitely held that a child four years old cannot be guilty of contributory negligence under any circumstances." The *Bozman* and *Mahan* cases were named as authorities for this statement. A reading of these cases fails to disclose such a ruling. In the *Bozman* case, there was no ruling on the point; the child was 8 years old, but the opinion (p. 155) said, "a child four years of age cannot be guilty of contributory negligence under any circumstances," and cited the *Mahan* case. In the *Mahan* case, the child involved was 3 years of age, and this Court specifically stated, 172 Md. at page 385, that a child of tender years may be guilty of contributory negligence in this State, although the great weight of authority is opposed to the "proposition that a child a little over four years of age can be guilty of contributory negligence." This Court has on many other occasions ruled that a child of tender years may be guilty of contributory negligence. Among the cases so holding, see *United Rys. Co. v. Carneal,* 110 Md. 211, 231, 72 A. 771, (child 3 years old); *State v. Wash., B. & A. R. Co.,* 149 Md. 443, 459, 131 A. 822, (child a little over 4 years old); *York Ice Machinery Corp. v. Sachs,* 167 Md. 113, 123, 173 A. 240, (child 6 years of age); *Ottenheimer v. Molohan, supra,* (child 6½ years old); *B. & O. R. R. Co. v. State,* 30 Md. 47, 51, (child 5

years old) ; *Stafford v. Zake, supra,* 179 Md. 463, (child 7 years old) ; *Balt. City Pass. Co. v. McDonnell,* 43 Md. 534, 551, (child 2 years and 2 months old). See also *Zulver v. Roberts,* 162 Md. 636, 161 A. 9, wherein this Court stated:

> "The first contention in respect to the court's ruling on the prayers is that a boy seven years of age, as a matter of law, cannot be charged with contributory negligence. It seems clear that the weight of authority in this country outside of our state supports such a contention, some of the courts holding that children under the age of six are incapable of contributory negligence, while the apparent majority fix seven as the age below which they are conclusively presumed to be incapable. This, however, is not the rule of this jurisdiction, it being here held that the question is one to be submitted to the jury under proper instructions."

The only ruling of this Court, prior to the *Miller* case, as to the minimum age below which a child cannot as a matter of law be held guilty of contributory negligence seems to be *Caroline County v. Beulah,* 153 Md. 221, 226, 138 A. 25, wherein it was stated that a child 6 months of age "takes no care for its own safety."

In view of these previous decisions, we are not inclined to enlarge the ruling in the *Miller* case, *i. e.,* that a child four years of age cannot be guilty of contributory negligence. We, therefore, hold that a child, 5 years of age or over, may be guilty of contributory negligence; but a child of tender years is bound only to use that degree of care which ordinarily prudent children of the same age, experience and intelligence are accustomed to use under the same circumstances, and they assume the risk only of dangers, the existence of which they know, or which, in the exercise of this degree of care, they should have known. No question was raised concerning the doctrine of the imputability of the negligence of parents of children of tender years, as the same is applicable under some circumstances. There was no error in the trial court's refusal to rule as a matter of law that the deceased child could not be guilty of contributory negligence.

## III

As their final argument, the appellants claim they were entitled to an instruction from the trial court upon the theory of the doctrine of last clear chance. This Court has so frequently and recently set forth the factors that are essential to bring this doctrine into play that it would serve no useful purpose to repeat them here. *Legum v. State,* 167 Md. 339, 355, 173 A. 565; *Baltimore & Ohio R. Co. v. Leasure,* 193 Md. 523, 534, 69 A. 2d 248; *Peregoy v. Western Md. R. R. Co.,* 202 Md. 203, 211, 95 A. 2d 867; *Meldrum v. Kellam Distr. Co.,* 211 Md. 504, 512, 128 A. 2d 400.

It is implicit in the rule that both the plaintiff and defendant were negligent. The doctrine presupposes a perilous situation, created or existing through the negligence of both the defendant and the plaintiff. *State v. Wash., B. & A. R. Co.,* 149 Md. 443, 459, 131 A. 822. It assumes that there was a time after such negligence has occurred when the defendant could, and the plaintiff could not, by the use of the means available avert the accident. *United Rwys. Co. v. Sherwood Bros.,* 161 Md. 304, 310, 157 A. 280. Consequently, this Court has held on many occasions that, in order for the rule to apply, the defendant's negligence must have been sequential, and not concurrent. *Legum v. State, supra,* 167 Md. 355; *Baltimore & Ohio R. Co. v. Leasure, supra,* 193 Md. 532; *West v. Belle Isle Cab Co.,* 203 Md. 244, 252, 100 A. 2d 17; *Martin v. Sweeney,* 207 Md. 543, 552, 114 A. 2d 825; *Joeckel v. Baltimore Transit Co.,* 208 Md. 586, 592, 119 A. 2d 373; *Meldrum v. Kellam Distr. Co., supra; Fowler v. DeFontes,* 211 Md. 568, 575, 128 A. 2d 395.

As we found under II that the child was old enough to present a jury question as to whether his conduct constituted contributory negligence, it was the jury's province to determine if he were guilty of contributory negligence or his actions resulted merely from impulse or bewilderment to be expected in one of his age, experience and intelligence. If the jury should conclude that the child was responsible for its own safety, *i. e.,* guilty of contributory negligence, it is apparent, from what we have said above, that his negligence would have been concurrent with any in the driving of the

appellee, which would have prevented recovery by the appellant, and the doctrine of last clear chance would have no application. *Stafford v. Zake, supra,* 179 Md. 463. It is, likewise, apparent that should the jury determine the child was not of sufficient age, experience and intelligence to be accountable for his own safety and his actions were the result of impulse or bewilderment to be expected of one of his age, experience and intelligence, the doctrine is not available, because there would then be no contributory negligence on the child's part. If the jury arrived at the latter conclusion, the case would then turn upon the question of primary negligence of the appellee under all of the surrounding circumstances, alone. The case should have been submitted to the jury with proper instructions to cover either determination; but there was no error in not including an instruction with reference to the doctrine of last clear chance.

The case of *Stafford v. Zake, supra,* 179 Md. 460, was similar, in some respects, to the case at bar. There the defendant was driving a truck north in a narrow alley. In order to pass another truck that was parked facing in the same direction, he drove his car to the left side of the alley. A small boy, 9 years of age, ran across the alley in front of him, and reached the other side safely. A little girl, aged 7, started to follow the boy. When nearly to the other side of the alley, she saw the truck, turned and ran back. She was struck by the right fender of the defendant's truck and injured. The lower court granted an instruction on the doctrine of last clear chance. This Court stated (p. 463) the evidence to support such a finding was "meagre"; it consisted entirely in the facts that the driver frequently used the alley, children often played there, loose sand on an adjacent lot attracted them, and the driver had just seen a 9-year-old boy run across in front of him. The opinion then pointed out that it was the jury's province to determine whether the little girl was sufficiently mature to be guilty of contributory negligence, or that she was so young and immature as not to be responsible for her own safety; and, if they decided she was guilty of contributory negligence, her negligence would have been concurrent with that of the driver, which would

have barred her recovery. However, the opinion held the instruction on the doctrine of last clear chance proper. An analysis of the situation will show this to be not entirely correct. The opinion, as stated above, had already stated that if the jury concluded the child's conduct constituted contributory negligence, this negligence would be concurrent and bar a recovery by her. In that event, there would be no occasion for the application of the rule of last clear chance. On the other hand, if the jury decided her conduct did not amount to contributory negligence, there, likewise, could have been no application of the doctrine, for it is predicated upon negligence by both the plaintiff and the defendant. Cases cited above. Thus, if the child were entitled to recover at all, she must have been so entitled as a result of primary negligence on the part of the defendant, without the assistance of the rule of last clear chance.

For the error contained in I, the case will be remanded for a new trial.

*Judgment reversed and case remanded for a new trial.*