FINLAYSON ET AL. *v.* GRUZS

[No. 175, September Term, 1959.]

*Decided April 7, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Henry W. Klemkowski,* with whom was *A. Raymond Bevans, Jr.,* on the brief, for the appellants.

*Kenneth C. Proctor*, with whom were *Michael P. Crocker* and *Piper & Marbury* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The jury found for the defendant driver in a suit on behalf of a boy almost five years old who was struck by her automobile. The claim on appeal is that the trial judge erred when he failed to instruct the jury as requested that if the driver "failed to exercise that higher degree of care that she would have to an infant than would ordinarily be required, then the jury's verdict must be for the plaintiff."

About six-thirty p.m. on a clear day in July 1957, the defendant, a housewife en route to her home nearby, was driving on Fenway North, a twenty-foot wide one-way street in a thickly populated residential area in Essex in Baltimore County in which there were many children; a street sign several blocks away, of which the defendant was aware, urged caution because children were at play. She testified that she had been proceeding at about 15 miles an hour—the speed limit was 25 miles per hour—so as to make a left turn at Woodale Road, a short distance ahead, when two boys about ten years old dashed from her right across the path of her car, causing her to apply her brakes and skid to a halt. (A police officer testified that there was one twenty-eight foot skid mark and a parallel shorter one.) She called out a reprimand to the boys and then had just started up again when she noticed the infant plaintiff's head appear from between the parked cars at her right and saw the child run into the right front part of her car before she could stop.

Two disinterested witnesses, who were seated in one of the parked cars, said they heard the sound of brakes just to the left of their car, and then observed the little boy running out in front of the car parked just ahead of theirs. One of these witnesses said the boy took about three steps and hit defendant's car at its right front corner, and that the car went five feet or less after the impact. The point of impact was some four to six feet from the line of parked cars and was either in, or just outside, the crosswalk.

In his charge, the trial judge submitted to the jury the

question of whether the accident occurred at a crosswalk where the pedestrian had the right of way, or at a point where the motorist had the right of way. After instructing them that the infant plaintiff could not be guilty of contributory negligence, he defined negligence and told the jury if they found from the facts before them that the driver had failed to use the care an ordinarily prudent person would have used under the circumstances, she could be found to have been negligent and, if her negligence caused or contributed to the accident, the verdict should be for the plaintiff but, on the other hand, if she did use the care an ordinarily prudent person would have used and the accident was caused by the little boy's running out from between the parked cars and could not have been avoided by the exercise of due care, then the verdict should be for the defendant.

The appellants concede that the charge would have been proper if the plaintiff had been an adult, but say that under the holding in *State, Use of Taylor v. Barlly,* 216 Md. 94, the jury should have been instructed that the defendant, having seen the two boys run across in front of her car and realizing the large number of children in the area, should have exercised a greater duty towards the infant plaintiff than she would have been required to exercise if he had been an adult.

Maryland Rule 554 requires in Section d that a party state distinctly the error of any instruction to which he objects and "the specific grounds of his objection." Section e provides that the party assigning error on appeal "shall be restricted to (1) * * * the particular failure to instruct distinctly objected to * * * and (2) the specific grounds of objection distinctly stated * * *." The instructions requested by appellants, in excepting to the charge, could not properly have been granted as requested since they called for a higher degree of care to an infant than to an adult. The Maryland law has been stated to be that the duty owed by the driver of an automobile or motor truck to children is ordinary care and caution in such amount as the facts of the particular situation demand. *Havermale v. Houck,* 122 Md. 82, 89; *Miller v. Graff,* 196 Md. 609, 616; *Abbott v. Railway Express Agency,* (4th Cir.), 108 F. 2d 671. All of these cases involved children under six years of age.

. If we assume that the appellants were seeking to have the jury told what this Court said they should have been told in *Barlly*, that it was the defendant's duty to keep a proper lookout for children even between intersections and that the defendant was required by law to recognize that children of tender years do not exercise the same care and caution as do adults, we think the trial judge was right when he said that the facts of the *Barlly* case were entirely different from those of the instant case, and that the instructions he gave were adequate on the facts before the jury in the present case. In *Barlly*, as in *Miller v. Graff, supra,* also relied on by appellants, there was evidence of excessive speed and an opportunity to see the child in a position of potential danger. The essence of the *Barlly* case is found in this extract from the opinion: "The appellants were entitled to have the jury instructed upon their theory of the case. The deceased was under six years of age. The law requires greater caution from the operator of a motor vehicle who observes a child in the middle of the street than one who sees an adult; and, if his vision were unobscured for 100 feet, or more, it places a duty upon him to see the child. From the above evidence, the jury, if they so desired, were at liberty to conclude that the appellee, having an unobstructed view for some distance, could have avoided striking the child, if he had been driving at a rate of speed that was reasonable under the circumstances and had used proper care to look out for the boy." (pp. 99-100.) The Court went on to say: "What we have said does not, in any way, alter the previous rulings of this Court in such cases as *Cocco v. Lissau,* 202 Md. 196, 202, 95 A. 2d 857, wherein it was held that if a child darts out in front of an·approaching automobile when the driver is travelling at a reasonable rate of speed and obeying the rules of the road, so that with the exercise of reasonable care he is unable to avoid running into the child, he is not liable for any injuries the child may sustain." *Miller v. Graff* was cited in *Cocco* in support of the proposition just quoted from *Barlly*.

As Judge Barrett pointed out below, it was uncontradicted in the case, and indeed stated by appellants' counsel in his opening statement, that the child darted out between parked

cars. There is nothing to indicate that the driver of the car actually saw, or reasonably should or could have seen him until he suddenly appeared in front of her. There was no evidence of excessive speed in the case before us and none is claimed. This case belongs in the group of which *Cocco, Rush v. Lloyd,* 221 Md. 7, and *Johnny's Cabs, Inc. v. Miller,* 199 Md. 16, are examples, and Judge Barrett's charge adequately presented to the jury on the evidence before them the questions of whether the driver was acting with ordinary care after she saw the boys in the vicinity and whether, in the exercise of due care, she should have seen the infant plaintiff before she did and could have done more than she did to avoid the accident.

*Judgment affirmed, with costs.*