DOROUGH, INFANT, ETC., ET AL. *v.* LOCKMAN

[No. 121, September Term, 1960.]

*Decided January 17, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Paul R. Connolly, Jr.,* with whom were *Hogan & Hartson* on the brief, for the appellants.

*John L. Schroeder* for the appellee.

HAMMOND, J., delivered the opinion of the Court.

Aggrieved by the verdict of a jury in favor of the driver and owner of the car which struck him, an eight-year-old boy appeals by his father as guardian, urging error in the trial court's charge to the jury.

The boy had been playing with several other children on the lawn of his home and was bouncing a soccer ball against a stone retaining wall thirty-eight feet from the curb. The ball bounced back past him and on into the street, and he ran after it and was struck by the car. He could not remember whether he looked to see if a car was coming, or not. Other testimony would have permitted these findings: the driver had turned into the street some four hundred seventy feet from the point of impact; he was driving at a speed of fifteen miles an hour (the estimate of a passenger), at eighteen (the estimate of another passenger), at from twenty to twenty-five (the driver's estimate), at not more than the speed limit of twenty-five (the deduction of the investigating policeman from the skid marks of some thirty-two feet from the rear wheel); the setting sun produced a glare which required the visor of the car to be drawn down, and produced reflections and deep shadows on the right side of the road (from which the boy ran); there were no parked cars on the right side, or there were two parked cars on that side; bushes on the right obstructed the view of the driver of the place the children were playing, or there was no obstruction; there were children playing on lawns on both sides of the street; several cars had turned into, and proceeded up, the street ahead of the car that struck the boy; the driver thought there was a parked car just behind the point of impact which would have required him to turn slightly to the left to have avoided it; he lightened his foot on the accelerator, turned his eyes momentarily to the right and realized the "parked car" was a heavy shadow, saw the ball come into the street, braked his car and hit the child as he followed the ball into the street.

In *Taylor, State for Use of v. Barlly,* 216 Md. 94, 99, 100, the injured boy was in the street when the motorist, who was exceeding the speed limit, was some one hundred forty feet away with unobstructed vision. We held that the boy was entitled to have the jury instructed that it was the driver's duty, even between intersections, to keep a proper lookout and that children of tender years do not use the same degree of care and caution for their own safety as do adults, saying: "The appellants were entitled to have the jury instructed up-

on their theory of the case." Appellants in the case before us, relying heavily upon *Barlly,* seek reversal on the claim that his theory of the case was not put before the jury. This theory is that a motorist traversing a residential area must anticipate (a) that children will be at play whether he sees them or not, and (b) that they may suddenly run into the street, and therefore must warn of his approach by sounding his horn and must slow his speed to a point where he can avoid striking a child who does run into his path. They find error also in that the jury was not told in terms that the motorist's statutory right of way over pedestrians between intersections is not absolute.

A litigant is entitled to have his theory of the case presented to the jury only if it is a correct exposition of the law and there is testimony in the case which supports it. Cf. *Nance v. Kalkman,* 223 Md. 564. Undoubtedly a driver must exercise greater caution to avoid harming a child who is in a place or situation of immediate or potential peril than he would in the case of an adult, because a young child is less able and less likely to protect himself than the adult. This does not mean that the same duty exists when the child puts himself in the position of peril by suddenly darting from a place of safety into the path of the car so swiftly that the motorist, who has been proceeding with due care, does not see him in time to avoid striking him, nor does it mean that the motorist must abstractly anticipate that safety will be suddenly and blindly left for peril.

In *Barlly* the basis of its holding was succinctly stated: "The law requires greater caution from the operator of a motor vehicle who observes a child in the middle of the street than one who sees an adult; and, if his vision were unobscured for 100 feet, or more, it places a duty upon him to see the child. * * * What we have said does not, in any way, alter the previous rulings of this Court in such cases as *Cocco v. Lissau,* 202 Md. 196, 202, 95 A. 2d 857, wherein it was held that if a child darts out in front of an approaching automobile when the driver is traveling at a reasonable rate of speed and obeying the rules of the road, so that with the exercise of reasonable care he is unable to avoid running into the child, he is

not liable for any injuries the child may sustain." Before *Barlly* the cases involving the two types of situation—one where the child is in a place of imminent or potential danger and the driver is speeding or otherwise violating the rules of the road, and the other where the child darts into the path of a careful driver—were discussed and differentiated in *Lenehan v. Nicholson,* 214 Md. 414. The case of *Finlayson v. Gruzs,* 222 Md. 192, in which the facts were essentially similar to those of the present case, distinguished *Barlly* and held that the charge to the jury which did not instruct in terms as to the need for a proper lookout for children between intersections in a residential neighborhood, or as to the theory that children do not use the same caution for their protection as do adults, was held adequate under the facts there before the jury.

In the case before us, as in *Finlayson,* the essential and significant issues presented for determination by the jury were whether the driver in the exercise of due care and caution in such amount as the situation demanded should have seen the injured boy before he did and could reasonably have done more than he did to have avoided the accident, and whether the boy was guilty of contributory negligence. The court instructed on the issue of primary negligence in the words of the opinion in *Finlayson,* and on contributory negligence in terms which appellants do not challenge. We said in *Barlly* (at page 100 of 216 Md.) : "There is no obligation upon the trial judge to point out, in minute detail, all of the reciprocal duties and obligations of the respective parties to a case, *provided the subject under discussion by the judge is fully and comprehensively covered in his charge to the jury * * *."*

We think the issues of primary and contributory negligence, including the relative nature of the statutory right of way of the motorists between intersections, were fairly and adequately covered by the charge and find no reversible error.

*Judgment affirmed, with costs.*