BRANTNER, Etc., et al. *v.* WATKINS et al.

[No. 168, September Term, 1961.]

*Decided February 22, 1962.*

The cause was argued before BRUNE, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Henry J. Noyes* and *Charles W. Bell* for the appellants.

*Edward C. Bell* for the appellees.

SYBERT, J., delivered the opinion of the Court.

This appeal questions whether the trial court erred in granting motions for directed verdicts which relieved a husband and wife, defendants below and appellees here, of all liability arising out of their alleged negligence and agency relationship in regard to a personal injury claim.

On a clear, dry midafternoon in November, 1960, the wife, Barbara Watkins, was proceeding east on Macon Road, in Montgomery County, in an automobile titled jointly in the names of herself and her husband, James Watkins. She had just picked up four children, including her own son, at a near-

by school to transport them to their homes. With her in the front seat were a Mrs. Walton and her son. Macon Road is a paved residential street with a descending grade toward the east, described as not steep. The street itself is twenty-seven feet wide; adjoining it on either side is a rounded, slightly depressed paved gutter two feet wide, adjacent to which is a grassed area eleven and one-half feet wide. Next to the grass plot is a four-foot concrete sidewalk. The speed limit on Macon Road is 25 miles per hour, and at the bottom of the descending grade, at Ashley Drive, there is a "stop" sign against traffic on Macon Road.

Mrs. Watkins was some distance from the stop sign when the four-year-old infant plaintiff, Toni L. Brantner (one of the appellants), ran into the street, crossing from the south toward the north, on Mrs. Watkins' right side. While Mrs. Watkins admitted that she had seen the Brantner child and other children playing on the grass plot when she was approximately 180 feet away, her testimony that the child ran into the street when the car was almost abreast of her, and collided with the right rear side of the car, was uncontradicted. Although there was some conflict in the testimony as to the speed of Mrs. Watkins' car at the time of the accident, it was relatively minor. Mrs. Watkins said she was going twenty to twenty-two miles an hour and did not have her foot on the gas pedal, as she was in the process of slowing the car down for the stop sign, and her passenger, Mrs. Walton, said the speed was "not fast at all" and that they were slowing down. Two neighboring housewives testified for appellants that they had observed the car just before the accident and that its speed was "fast", but in both cases they qualified their adjectival description to a speed of "around twenty-five miles an hour", and when pressed neither was willing to say the vehicle was going faster.

Mrs. Watkins testified she did not have sufficient time to stop her car when the infant ran into the street, so she swerved to the left in an effort to avoid the child and stopped within twenty feet from the point of impact. Her stopping distance was uncontroverted. A county policeman, assigned to accident investigation work, testified that there were no skid marks at

the scene, and that an automobile traveling at twenty to twenty-two miles an hour under the conditions existing at the time of the accident could have been stopped within twenty-five feet, without skidding.

The suit was filed on behalf of the infant appellant by her father and next friend, Lester E. Brantner, for the child's injuries, and also by Mr. Brantner for medical expenses incurred. Mr. Watkins was joined as a defendant with his wife on the theory that Mrs. Watkins, as the allegedly negligent driver of the car, was acting as the agent of her husband in picking up their child at school. The case was tried before a jury and at the close of all the evidence the court granted Mr. Watkins' motion for a directed verdict on the ground that there was no showing of an agency relationship between the husband and wife. On a similar motion of the wife on the ground that no primary negligence on her part had been shown, the trial court reserved its ruling and submitted the case to the jury. After the jury disagreed and were discharged, the trial court granted Mrs. Watkins' motion for a directed verdict. In its memorandum opinion the trial court excluded any element of contributory negligence since the child was only four years old, citing *Miller v. Graff,* 196 Md. 609, 78 A. 2d 220 (1951).

On this appeal from the judgments for costs entered against them the appellants contend that there was sufficient evidence of negligence on the part of Mrs. Watkins and of an agency relationship to take the case to the jury as to both defendants. As to negligence, their argument is that the appellees' car was traveling at a speed excessive for the area in which the accident occurred; that Mrs. Watkins had an unobstructed view of the infant appellant for at least 180 feet; that by her own admission the child was running towards the street when Mrs. Watkins first saw her; that because of the conflicting testimony as to the speed of the vehicle, the question should have been left to the jury to resolve. Appellants rely particularly on the cases of *Miller v. Graff, supra; State, Use of Taylor v. Barlly,* 216 Md. 94, 140 A. 2d 173 (1958) ; and *Dorough v. Lockman,* 224 Md. 168, 167 A. 2d 129 (1961).

In determining whether a trial court has properly directed a verdict for a defendant at the close of the whole case we must consider all of the evidence, as well as all natural and reasonable inferences deducible therefrom, in a light most favorable to the plaintiff, and we have done so in this case. Nevertheless, while the injury to the child involved is deplorable, we are forced to conclude that the evidence admits of no inference of negligence on the part of the appellee, Mrs. Watkins, and that therefore the directed verdicts were properly granted.

The evidence fails to support appellants' allegation of excessive speed on the part of Mrs. Watkins. There is no claim or proof that her car was exceeding the posted speed limit of twenty-five miles an hour, and the testimony of the police officer that a car traveling at twenty to twenty-two miles an hour under the existing conditions could stop in twenty-five feet (obviously, a conservative figure), considered in connection with the uncontradicted testimony that Mrs. Watkins' car actually stopped in twenty feet, without a locking of brakes and skidding, would seem to indicate that her speed had been something less than she estimated. There was no showing that as she approached the scene of the accident there were then any children in the street or any hazardous traffic condition. The fact that children were returning home from school did not create such a special hazard as to require any slower speed on the part of Mrs. Watkins, as claimed by appellants. No evidence was produced to show excessive speed or any other breach of the duty to operate the car in a reasonably prudent manner, as was present in *Miller v. Graff, supra,* and *State, Use of Taylor v. Barlly, supra,* relied upon by appellants.

While Mrs. Watkins conceded that she had an unobstructed view of the infant appellee for approximately 180 feet, her testimony was clear that until just before the accident the child was not in the street but rather on the eleven-foot grass strip next to the sidewalk playing with other children, and that none of them was moving toward the street. Her answer to a question as to the time she first noticed the child running toward the street was misinterpreted by appellants in their brief and argument, since it is clear from the record that her

answer refers to the time when she was almost abreast of the child, as she stated a number of times in her testimony.

Perhaps the testimony that comes closest to giving support to appellants is that of Mr. Brantner, the infant's father, who testified that Mrs. Watkins had stated over the telephone that "* * * she was driving down Macon Road and she saw the child running toward the street and said she blew her horn and, thinking the child would hear the horn and stop, she didn't have time to use her brakes and she immediately cut the car toward the right curb [he meant the left curb] to avoid hitting the child, but still hit her." While at first glance this statement might appear to intimate that there was an appreciable period between the time Mrs. Watkins first saw the infant running toward the street and the time of the collision, closer inspection reveals that the effect of Mrs. Watkins' statement was that she did not have time to stop her car, which is consonant with the evidence that the child came into the street as she was nearly abreast, and that the child, running fast, struck the rear part of the car. The only other witness who had a view of the paths of both the child and the automobile, a Mrs. Jones, produced by appellants, stated that when she first saw the automobile the child was moving toward a driveway of one of the homes and not toward the street and that when she did notice the child running toward the street, she "didn't think she was going to get hit. I didn't think she would reach the street before the car got there." This testimony would appear to indicate that the child darted into the street suddenly and to negate the claim that there was a significant period of time when the child's position of danger could have been recognized by Mrs. Watkins in time to have avoided the accident.

The fact that the evidence did not establish that the child was in a position of imminent peril in the street within the unobstructed view of the driver distinguishes this case from *Miller v. Graff, supra,* and *State, Use of Taylor v. Barlly, supra.* The appellants, in citing those cases and relying on the theory that a motorist must exercise greater caution to avoid harming a child, have failed to take into account the two distinct situations involved in cases of this nature as discussed

in *Lenehan v. Nicholson,* 214 Md. 414, 135 A. 2d 447 (1957) : one, where the child is in a place of imminent or potential danger and a driver is operating at an excessive speed or violating other rules of the road, and the other, where the child darts into the path of a driver operating within the speed limit with reasonable care. The facts of this case clearly place it within the second situation and within the ambit of such cases as *Cocco v. Lissau,* 202 Md. 196, 95 A. 2d 857 (1953), and *Lenehan v. Nicholson, supra.* The rationale of these cases is aptly summed up by Judge Hammond for the Court in *Dorough .v. Lockman, supra.* In that case this Court stated (at 171-172 of 224 Md.) :

"* * * Undoubtedly a driver must exercise greater caution to avoid harming a child who is in a place or situation of immediate or potential peril than he would in the case of an adult, because a young child is less able and less likely to protect himself than the adult. This does not mean that the same duty exists when the child puts himself in the position of peril by suddenly darting from a place of safety into the path of the car so swiftly that the motorist, who has been proceeding with due care, does not see him in time to avoid striking him, nor does it mean that the motorist must abstractly anticipate that safety will be suddenly and blindly left for peril.

" In *Barlly* the basis of its holding was succinctly stated: 'The law requires greater caution from the operator of a motor vehicle who observes a child in the middle of the street than one who sees an adult; and, if his vision were unobscured for 100 feet, or more, it places a duty upon him to see the child. * * * What we have said does not, in any way, alter the previous rulings of this Court in such cases as *Cocco v. Lissau,* 202 Md. 196, 202, 95 A. 2d 857, wherein it was held that if a child darts out in front of an approaching automobile when the driver is traveling at a reasonable rate of speed and obeying the rules of the road, so that with the exercise of rea-

sonable care he is unable to avoid running into the child, he is not liable for any injuries the child may sustain.' * * *"

Cf. *Finlayson v. Gruzs,* 222 Md. 192, 159 A. 2d 864 (1960); *Henkelmann v. Insurance Co.,* 180 Md. 591, 26 A. 2d 418 (1942).

There was no legally sufficient evidence of excessive speed on the part of Mrs. Watkins, or that she operated the vehicle in a reckless manner, or that she did not do everything reasonably possible under the circumstances to avoid the accident. On the contrary the evidence permits no other conclusion than that the child left her place of safety and ran into the public roadway in such a manner that despite all reasonable efforts by Mrs. Watkins to swerve away, the collision was unavoidable. Hence the directed verdict on the question of Mrs. Watkins' negligence was properly granted.

Since we have found no primary negligence in this case, we do not reach the question of Mr. Watkins' liability through an agency relationship.

*Judgments affirmed, with costs.*