BESS, Etc., et al. *v.* QUINN et al., Etc.

[No. 335, September Term, 1962.]

*Decided June 6, 1963.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*David Kimmelman* and *William O. Goldstein* for the appellants.

*William W. Cahill, Jr.,* with whom were *Weinberg & Green* on the brief, for the appellees.

PER CURIAM.

Appellant, an infant under three, by her mother as next friend, urges reversal of the trial court's action in directing a verdict for the driver and owner, respectively, of a taxicab which struck and injured her. It is claimed that the driver was negligent in failing to keep a proper lookout and to sound the horn, and in driving with defective brakes, and the owner was negligent in sending out a cab with defective brakes. Error is claimed in the refusal of the trial court to permit brake experts to answer a hypothetical question to the effect that the brakes were imperfect.

There was no error in rejecting the hypothetical question because it was materially defective in not assuming the truth of material facts and in embodying disputed facts and argument and conclusions.

The testimony was that the injured child, Michele, was walking home from Sunday School hand in hand with her sister, Eleanor, in the company of three other sisters and an adult friend of the family, when she suddenly broke loose and ran out between two parked cars into the street, and, in the words of the adult friend from the stand, "a taxicab was com-

ing and he pulled on its brakes and about the length of two cars, and it skidded * * * and he hit Michele * * *."

The taxi driver testified he had operated the cab for several hours before the accident and that it had functioned normally, without evidencing any mechanical difficulties. He was going about twenty to twenty-five miles an hour when he first noticed two children standing still on the sidewalk and then saw Michele's head between two parked cars and "hit the brake." His brakes were on when the right front of the cab struck the child. When he first saw her head, he was about two car lengths away. There was police testimony that a car is seventeen feet long, that there was an eighteen-foot skid mark which began six feet before the point of impact (some eighty feet from the intersection) and continued for twelve feet more.

We see no evidence of primary negligence. The driver, according to the testimony, maintained a proper speed and a continuous watch. If there had been time to blow the horn when he saw Michele's head, the warning would have been futile in view of the child's running and the immediacy of the impact. There was no evidence of the inadequacy of the brakes—and the stopping of the vehicle within forty-six feet of the first glimpse of Michele almost demonstrates that they were fully adequate—and even if the proffered answers to the hypothetical question had been admitted there would seem to have been no evidence in the case of causal connection between the claimed imperfection of the brakes and the hitting of the child.

The case falls squarely, we think, into the line which holds that where a child darts into or in front of an approaching automobile which is being driven at a reasonable speed and in other compliance with the rules of the road so that even with the exercise of due diligence the driver could not avoid striking the child, the driver is not liable. See, for example, *Wiedman v. Murray*, 231 Md. 237; *Brantner v. Watkins*, 227 Md. 626; *Flyer v. Del Borrell*, 227 Md. 545; *Lenehan v. Nicholson*, 214 Md. 414. Cf. *Dorough v. Lockman*, 224 Md. 168; *Finlayson v. Gruzs*, 222 Md. 192; *Rush v. Lloyd*, 221 Md. 7; *Cocco v. Lissau*, 202 Md. 196; *Johnny's Cabs, Inc. v. Miller*, 199 Md. 16.

The judgment for the defendants for costs must be affirmed.

*Judgment affirmed, with costs.*