MORRIS *v.* SCHNEIDER, ET AL.

[No. 195, September Term, 1964.]

*Decided March 2, 1965.*

The cause was argued before PRESCOTT, C. J., and HAMMOND, MARBURY, SYBERT and BARNES, JJ.

*Samuel D. Hill,* with whom were *George W. White, Jr., Joseph L. Johnson* and *Buckmaster, White, Mindel & Clarke* on the brief, for appellant.

*John H. Bolgiano,* with whom were *Smith, Somerville & Case* on the brief, for appellees.

PER CURIAM.

The appellant, Bernard Morris, a pedestrian, was injured while crossing Hilton Street in Baltimore, when struck by an automobile operated by appellee, Leon Schneider, and owned by the other appellee, Luthur J. Scott. A directed verdict was entered in favor of the appellees at the close of all the evidence by Judge Oppenheimer on the grounds that the uncontradicted evidence failed to show any primary negligence by them and that the appellant was guilty of contributory negligence as a matter of law.

The appellant's version of the accident was that he was crossing Hilton Street from east to west at 1:00 a.m. approximately in the middle of the block not in a pedestrian crosswalk. He stopped about two or three feet from the center of the street because two southbound cars were speeding abreast and he didn't want to cross in front of them. He further testified that a few seconds after stopping he heard a screech, looked to his left and saw the headlights of a northbound car about 80 feet away. Upon observing this car, he spun around and ran back toward the east curb from where he started, but he was struck at about three feet from the curb. The police report showed 50 feet of skid marks veering to the right, which fact the investigating officer testified was not an indication of excessive speed. The testimony of all witnesses agrees that there was unobstructed vision for over 350 feet south and over 400 feet north of the place where appellant was standing. The street was well lighted.

On appeal, the appellant contends there was sufficient evidence of the negligence of the appellee driver to raise a factual issue for the jury. We do not agree. The burden of proof was on appellant-plaintiff to show some act of negligence on the part of the appellees. An examination of the record reveals no negligence by the driver of the car. The street was well lighted and no excessive speed was disclosed. When the driver saw the appellant in the street, he applied the brakes and turned his car to the right to avoid the accident, but the appellant ran back in

front of the car. Under these circumstances, there being no act of negligence by the appellees, the trial court properly directed a verdict for them. *Bess v. Quinn,* 231 Md. 540, 191 A. 2d 243; *Lenehan v. Nicholson,* 214 Md. 414, 135 A. 2d 447.

*Judgment affirmed, with costs.*