## TEAL *v.* SCHISSLER

[No. 287, September Term, 1964.]

*Decided April 27, 1965.*

*Motion for rehearing filed May 17, 1965, denied May 25, 1965.*

The cause was argued before PRESCOTT, C. J., and HORNEY, MARBURY, SYBERT and BARNES, JJ.

*Leonard J. Kerpelman* for appellant.

*Foster H. Fanseen,* with whom were *Ginsberg & Ginsberg* and *Hyman Ginsberg* on the brief, for appellee.

PER CURIAM.

The appellant, Gertrude D. Teal, plaintiff below, was injured while riding as a passenger in an automobile operated by the appellee, Harry Schissler. A directed verdict was entered in favor of the appellee at the close of the plaintiff's case by Judge Digges on the ground that there was no testimony showing that the defendant was negligent.

On a cold February night, appellant was a passenger in appellee's automobile which he was driving down hill on Rose Street, a two lane thoroughfare in Baltimore City. He testified that he drove on this street many times each day, and that water would accumulate at the bottom of the hill. He was proceeding down the street within the posted speed limit when an oncoming car skidded broadside in front of his car. His efforts to maneuver safely were prevented by his skidding on a patch of ice into a telephone pole and, as a result, the plaintiff sustained injuries.

On appeal, the appellant contends that the court erred in granting the appellee's motion for a directed verdict. We do not agree. The burden of proof was on the appellant-plaintiff to show some act of negligence on the part of the appellee. An examination of the record reveals no negligence by the driver of the car. No excessive speed was disclosed nor was there any indication that he should have anticipated a car skidding in front of him. When the emergency arose, he turned his vehicle to the right to miss the oncoming car, hitting a telephone pole. Under the circumstances, there being no act of negligence by the appellee, the trial court properly directed a verdict for him. *Morris v. Schneider,* 237 Md. 647, 207 A. 2d 507.

*Judgment affirmed, with costs.*