## RUSH ET AL. *v.* LLOYD

[No. 67, September Term, 1959.]

8

*Decided November 20, 1959.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Amos I. Meyers,* for appellants.

*John H. Bolgiano,* with whom were *Clater W. Smith* and *Clark, Smith & Prendergast* on the brief, for appellee.

HAMMOND, J., delivered the opinion of the Court.

In a suit to recover for damages suffered when a three year old child was struck by an automobile, the jury found for the defendant. The jury heard two versions of the accident which happened on an August evening about eight-thirty or nine. Plaintiffs' witness said the child was crossing the street at the crosswalk and that there were no lights on the car, although it was dark. Defendant and his witnesses say that it was so light headlights were not needed, but that the dimmers were on and that the child suddenly and unexpectedly darted out into the street some sixty feet from the corner. The location of the nine-foot skidmarks corroborated the version of the defendant, who says he was driving "very slowly."

Appellants rely chiefly on error alleged to be inherent in the court's instructions on contributory negligence. He told the jury, midway in his charge, that the injured child was three years old and added "under the law a child of three years cannot be considered guilty of contributory negligence, but you are to consider the facts and circumstances concerning the matter and take them into your consideration in arriving at your verdict." The court, before and after this portion of the charge, told the jury the real question in the case was whether the driver was negligent in coming across the intersection at the time and in the manner he did. Immediately before he had defined negligence, at some length. It may well be that the court did not intend to qualify his statement that the child could not be guilty of contributory negligence but rather was saying that the jury must consider all facts and circumstances, including the propensities of very young children, in determining whether the driver was negligent, and that, at the time, the parties so understood the charge. In any event, the short answer to appellants' present contention that there can be no qualification of the proposition that a three-year old child cannot, as a matter of law, be charged with contributory negligence—*State v. Barlly,* 216 Md. 94, 101—is that there was no exception to the charge on this ground and therefore the point is not before us on appeal. Maryland Rule 554 d and e.

Appellants' subsidiary contentions are that the trial court erred in refusing to instruct that the driver "lost his right of way between intersections" if he was driving without headlights; that it was improper to characterize the evidence so as to imply that the child came out suddenly from the sidewalk; and that the court erred "in telling the jury there was no evidence of excessive speed. * * *"

The court instructed the jury that they must decide as a fact whether or not it was dark enough to require headlights and, if it was, whether the driver had lights on, and, if there was a violation of the statute (Code (1957), Art. 66½, sec. 271—when lighted lamps are required), whether the violation was the proximate cause of the accident, and defined proximate cause. The instructions were adequate on this point.

There was no error in the instruction as to the sudden appearance of the child, or that as to speed, and the two may appropriately be considered together. Witnesses for the plaintiffs saw the child on the sidewalk prior to the accident and then saw that the child had been hit. The driver testified that he suddenly saw a "white flash", felt an impact and stopped immediately. There was no evidence of great or unusual speed; the evidence and the inferences from the facts shown are to the contrary.

The trial judge told the jury that any statements he made as to the facts would be only for the clarification of the issues and not as indicating what the court thought the facts were, since the jury was the sole judge of the facts and the credibility and weight of the evidence. His comment as to speed was that there was no evidence of excessive speed (under an almost identical factual situation, this Court said in *Johnny's Cabs, Inc. v. Miller*, 199 Md. 16, 24, that there was no evidence of the negligence of the driver to go to the jury), but that the jury should decide whether the driver was acting with ordinary care when he saw the boy in the vicinity, and also must decide whether, in the exercise of due care he should have seen the child before he did, and "if he had seen him, whether or not he would have been expected to act as he did." The court continued, saying: "* * * it is important whether he was careful enough in his driving to be aware if a boy should come out suddenly from the sidewalk on to the intersection he could have avoided the accident."

Although not couched in the words of Code (1957), Art. 66½, sec. 211 (a) (reasonable and prudent speed), the instruction substantially charged the jury to determine whether the defendant was driving at a speed greater than reasonable and proper under the existing conditions and sufficiently outlined a matter presented by the evidence to the jury for decision. The court's statement as to the possible sudden appearance of a child in front of a motorist, was no more, certainly, than a permissible comment as to a situation the evidence clearly permitted the jury to find. The portion of the charge in which it is found presented the opposing factual situations commented on in *Johnny's Cab, Inc. v. Miller*, 199

Md. 16, *supra,* that is, the negligent speed that prevents the driver from claiming the accident could not have been avoided, as against the reasonable and proper rate of speed which will not enable the driver to avoid a suddenly darting child even with the exercise of due diligence.

We find the charge as a whole fairly and adequately presented the case to the jury for determination.

*Judgment affirmed, with costs.*