ASSOCIATED PETROLEUM CAR-
RIERS, Inc.,

v.

Edward A. BEALL.

ASSOCIATED PETROLEUM CAR-
RIERS, Inc.,

v.

Joe M. ROGERS.

No. 14988.

United States Court of Appeals
Fifth Circuit.

Dec. 14, 1954.

Cubbedge Snow, Cubbedge Snow, Jr., Macon, Ga., Martin, Snow & Grant, Macon, Ga., of counsel, for appellant.

C. S. Baldwin, Milledgeville, Ga., S. Gus Jones, Douglas C. McKenney and Neal D. McKenney, Macon, Ga., for appellees.

Before HUTCHESON, Chief Judge, and HOLMES and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal from judgments in two damage suits based upon a collision between appellant's empty tank-type petroleum truck and a private automobile occupied by the appellees at a road intersection near Sparta, Georgia. Appellant admits that the evidence was sufficient to go to the jury; but contends that it should be granted a new trial, due to a number of errors committed by the trial court. The contentions relate to improper arguments by counsel for appellees, the prejudicial exclusion of evidence, the errors in charges given by the court, and the erroneous refusal of the court to give certain charges requested by appellant.

■ At the time of the collision the truck was empty, and weighed approximately 18,000 pounds. A photograph of the truck showed printed thereon that its capacity was 5200 gallons. In his argument to the jury the attorney for appellees, holding the photograph before the jurors, alluded to the truck's capacity and stated that a gallon of gasoline or kerosene would weigh eight pounds, and that, fully loaded, the truck would weigh 58,000 pounds. Thereupon, counsel for appellant objected on the ground that the argument was improper, since the truck was empty at the time of the accident. The objection was overruled. Thereafter, during his argument to the jury, counsel for the appellees referred to the truck as this "battleship" and this "monster" which the appellant had placed on the highway. Although appellant did not object to the use of such terms, it insists that this argument was an enlargement of counsel's previous reference to the size of the truck, which had been objected to and overruled by the court, and therefore, that an additional objection was unnecessary. We agree with appellant that the argument objected to was improper, and that it was prejudicial error to overrule the objection. The weight of the truck when loaded was not material to the issue, since it was empty at the time of the accident. The mere reference to the truch as a monster or battleship, which was not objected to, is not deemed sufficient to warrant reversal.

The appellant also assigns error upon the following charge of the court:

"I further charge you, however, with respect to the size and type and kind of truck being driven, that in all cases all persons charged with a duty shall perform with that care and diligence that would be proportionate or commensurate with the damage a failure to perform might incur."

■ This rather awkwardly worded instruction was erroneous, because it placed upon appellant a duty to exercise more than ordinary care. The court, earlier in its charge, had instructed the jury that the rule of ordinary care was applicable to both sides; but the subsequent instruction directed the jury's attention to the size, type, and kind, of truck operated by the appellant, and placed upon the appellant a special duty to use more than ordinary care.

■ Finally, there were two alleged errors relating to evidentiary rulings. The testimony of appellee Rogers concerning the speed of the truck differed at the trial from that previously given by him in a deposition. Appellant attempted to impeach the witness by introducing as an exhibit a portion of the deposition, and urges that the court erred in excluding this exhibit. We agree with appellee that, since the portion of the deposition relating to the speed of the truck was read to the jury, it was not prejudicial error to exclude the physical evidence from the record.

■ It was not error to exclude the testimony of F. R. Calton, a highway pa-

trolman, who was offered to testify from an examination of the scene of the accident that the automobile was moving, at the time of the impact, with a strong impetus. He said that he did not consider himself qualified to determine from the effects of the collision the rate of speed at which the vehicles were traveling, which of course he was not. The proffered testimony would have been an inference or conclusion on the part of the witness.

On account of the several errors committed in this case, the judgments appealed from are reversed, and the causes remanded for further proceedings not inconsistent with this opinion.

Reversed.