LEMONS, TO OWN USE AND USE OF BANKERS MUTUAL INSURANCE Co. *v.* MARYLAND CHICKEN PROCESSORS, ET AL.

[No. 7, September Term, 1960.]

*Decided November 8, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Paul F. Due,* with whom was *Max R. Israelson* on the
brief, for appellant.

*Jeffrey B. Smith,* with whom were *Paul E. Burke, Jr.,* and *Smith, Somerville & Case* on the brief, for appellees.

BRUNE, C. J., delivered the opinion of the Court.

The chief question in this case, which grows out of a collision between a tractor-trailer and a passenger car, is whether or not the plaintiff-appellant, owner of the passenger car, was entitled to a specific instruction to the jury based upon the great size and weight of the tractor-trailer and its lesser maneuverability. Such a specific instruction was requested, but was not given. The case was submitted to the jury upon instructions relating to burden of proof, causation, negligence, contributory negligence and damages, which did not go into the particular facts of the case in any detail. The jury returned a verdict in favor of the defendants, the owner and the operator of the tractor-trailer, and the plaintiff appeals from the judgment entered thereon.

Just before the collision occurred the plaintiff's automobile in which she, Mrs. Lemons, was a passenger, was being driven by her agent south on Monroe Street, in Baltimore, in the westernmost traffic lane, and the tractor-trailer owned by the defendant, Maryland Chicken Processors, Inc., was also being driven south by its employee, Dennis, on the same street, and in the same direction, either wholly or partly in the next traffic lane. There is some dispute as to whether or not the tractor-trailer was partly in the first (westernmost) lane or partly in that lane and partly in the second. As the vehicles approached the intersection with Lafayette Avenue, both drivers intended to turn west—i.e., to the right—into Lafayette Avenue. The driver of the passenger car said that he thought that the tractor-trailer was going straight ahead when a traffic light turned green. The accident happened at about nine o'clock on a night in March. There is some conflict in the testimony as to whether or not the tractor-trailer's turn signals were turned on prior to the accident. As the tractor-trailer started to make the turn, the passenger car collided with about the middle of the trailer and was pressed over or against the curb, with the front wheels in Lafayette Avenue

and the rear wheels in Monroe Street. The plaintiff claims she was injured, and her car was considerably damaged.

The court instructed the jury, in part, (a) that negligence "mean[t] lack of ordinary care; and by ordinary care, is understood that degree of caution, attention, ability and skill which are ordinarily employed by or may reasonably be expected of persons in the situation of the respective parties under all the circumstances surrounding them at the time;" (b) that there was no sufficient evidence to prove that Mrs. Lemons was herself guilty of any negligence which contributed to the accident; and (c) that if, however, the jury should find that her driver, who was her agent, was guilty of any negligence which contributed to the accident, his negligence would be imputed to her and she could not recover. The court further instructed the jury with regard to (d) the duty of the driver of a motor vehicle intending to make a right turn at an intersection so to operate his vehicle that both the approach for the turn and the turn itself should be as close as practicable to the right-hand curb or edge of the street; (e) the duty not to make a turn from a direct course until such turn could be made with reasonable safety and the duty to give an adequate signal of an intention to make such a turn for at least 100 feet before turning; and (f) the duty of a motor vehicle operator to observe all persons and objects which might be seen by the exercise of reasonable care and diligence. Each of these instructions designated as (d), (e) or (f) was accompanied by a further instruction to the effect that if the collision was due to a breach of the stated duty on the part of the driver of the tractor-trailer, without negligence on the part of the plaintiff's driver contributing thereto, the plaintiff was entitled to a verdict.

The prayer of the appellant which she insists should have been granted reads as follows:

"The Court instructs the Jury that the law of Maryland recognizes that the operation of large trucks, tractors and trailers over the public highways because of their great size, weight and lesser maneuverability involves a greater potential danger for in-

jury to others than does an automobile and, therefore, reasonable care in the operation of such large trucks, tractors and trailers requires that the driver shall at all times maintain a vigilant and careful watch to avoid injury to others in the lawful use of the highway and that the operator thereof shall at all times have the machine under such control as will permit its safe operation over such highways under modern traffic conditions; and if the Jury find that the Defendant, Maryland Chicken Processors, Inc., by its agent, servant or employee, the Defendant, Dennis, failed to use that reasonable degree of care required by the law and that such failure on their part solely and proximately caused the collision described in the testimony and the Plaintiff's injuries ensuing therefrom, then their verdict shall be for the Plaintiff."

The text of the above requested instruction follows closely language used in the opinions of this Court in the following cases, upon which the appellant relies: *Campbell & Sons v. United Rys. & Elec. Co.,* 160 Md. 647, 154 A. 552; *National Hauling Contractors Co. v. Baltimore Transit Co.,* 185 Md. 158, 44 A. 2d 450; *York Motor Express Co. v. State, Use of Hawk,* 195 Md. 525, 74 A. 2d 12; *Meldrum v. Kellam Distributing Co.,* 211 Md. 504, 128 A. 2d 400. Each of these involved a discussion of the care required in the operation of a ponderous vehicle, and we might add to them another such case, *Baltimore Transit Co. v. Prinz,* 215 Md. 398, 137 A. 2d 700.[1] The appellees concede that "[n]o one would argue that the abstract statement of law contained in plaintiff's requested instruction is not good law in Maryland"; but they point out that none of the cases relied on by the appellant involved [nor did the *Prinz* case] the granting or refusal of such an instruction as that here sought and they contend that the trial court submitted the case to the jury on adequate instruc-

---

1. Though most of the cases just cited involved vehicles owned by common carriers, none of them involved any question of the degree of care which such carriers owed to their patrons.

tions and did not commit any reversible error in declining to give the specific instruction requested by the appellant.

Although the rejected instruction does not use the term "higher degree of care," the appellant's brief and argument in this Court seem to be predicated, at least in part, upon the theory that a higher degree of care is required of the operators of large and unwieldy motor vehicles than is required of the operators of other motor vehicles and upon the view that this theory is embodied or implicit in the disputed instruction. Thus, she argues in her brief that "[t]here is nothing in the Trial Court's charge from which the Jury would infer, or which would have permitted Appellant's counsel to argue that there is any different or greater degree of care required of the drivers of tractor-trailers." This contention, we think, makes two fallacious assumptions: first, that a higher *degree* of care is required of the operators of ponderous motor vehicles than of the operators of other types; and second, that counsel for the owner of the passenger car were precluded from making an argument to the jury as to facts showing negligence based upon the great weight, size and relative non-maneuverability of the tractor-trailer.

At this point we shall direct our attention to the first of these assumptions. We know of no statutory rules relating to the operation of motor vehicles pertinent to this case which differ as between large, heavy and unwieldy vehicles and other motor vehicles.[2] We therefore find no statutory basis or requirement upon which to rest any different test of negligence to be applied to the operation of ponderous vehicles. As this Court recently said in *Christ v. Wempe*, 219 Md. 627, 640, 150 A. 2d 918: "The degree of care required of all operators of motor vehicles, other than public carriers, is that of ordinary care. What action or precaution is required to meet the

2. See Code (1957), Art. 66½, § 2 (27), § 2 (67), definitions, and §§ 181-317. There are or may be some differences which we shall not undertake to enumerate, since none of them seems pertinent here. See, for example, § 211 (1) (authorizing lower speed limits for trucks of 7,500 pounds weight or more); § 217 (b) (slow moving vehicles to keep to right); and § 252 (b) (coasting by commercial vehicles). See also §§ 273-275; 300-302; 308-317.

standard of ordinary care may and does vary, depending on the then existing circumstances; but the standard itself remains constant. *People's Drug Stores v. Windham,* 178 Md. 172, 185." To the same effect, see *Warnke v. Essex,* 217 Md. 183, 187, 141 A. 2d 728; *Lehmann v. Johnson,* 218 Md. 343, 346, 146 A. 2d 886; and *Finlayson v. Gruzs,* 222 Md. 192, 195, 159 A. 2d 864. See also *Associated Petroleum Carriers v. Beall,* 217 F. 2d 607 (C.A. 5), which involved an instruction similar to that here sought. It was there held erroneous to have granted such an instruction in a case growing out of a collision between a passenger car and a tank truck, because it placed upon the operator of the tank truck a duty to exercise more than ordinary care by directing the attention of the jury to the size, type and kind of truck operated by the appellant.

On the general subject of the degree of care, see also *Prosser, Torts* (2nd Ed., 1955), § 33, where (at p. 147) the author states: "The amount of care demanded by the standard of reasonable conduct must be in proportion to the apparent risk. As the danger becomes greater, the actor is required to exercise caution commensurate with it."

We are also unable to agree with the second assumption contained in the appellant's argument mentioned above, that the denial of the requested instruction precluded an argument to the jury based upon the size, weight and lack of maneuverability of the tractor-trailer as facts to be considered in determining the issue of negligence on the part of the driver thereof. See *Ager v. Baltimore Transit Co.,* 213 Md. 414, 425-426, 132 A. 2d 469, a passage from which we quote in part *infra.* Each of the four cases relied upon by the appellant in support of the requested instruction, and *Baltimore Transit Co. v. Prinz, supra,* as well, took those factors into account in passing upon an issue of negligence or contributory negligence. None of those cases involved the giving or refusal of an instruction such as that here requested, nor has any decision of this Court involving what may be called a "ponderous vehicle" instruction, been called to our attention, nor have we found any. The case most like the present which has come to attention is *Associated Petroleum Carriers v. Beall, supra.*

The cases cited by the appellant clearly show that "ponderous vehicle" factors are among those which the jury may properly consider in determining the question of negligence. So are other factors which may have a direct bearing upon what precautions must be taken to attain the standard of ordinary care required in the circumstances of a particular case. Among such other factors which have been held material in particular cases are light or darkness, weather or other atmospheric conditions, such as fog or smoke, which may affect visibility, and other weather conditions that may affect the condition of the road. See, for example, *Vizzini v. Dopkin*, 176 Md. 639, 6 A. 2d 637, and the *People's Drug Stores* and *York Motor Express* cases above cited.

This brings us back to the basic question—whether the plaintiff was entitled to a specific instruction based upon the size, weight and unwieldiness of the tractor-trailer. If the trial court had undertaken to discuss the facts in detail in the charge to the jury, we may assume that an instruction along the lines requested, not overemphasizing any one factor or carrying the implication of any higher degree of care being required, would have been proper and, indeed, should have been given. But in the instant case, the trial judge did not give a charge reviewing the facts in detail, and we do not think that he was bound to do so. Sometimes a charge embodying a particular rule of law may be necessary in order to prevent an abstract, general charge which is granted, and which may in itself be a correct charge, from being misleading. *State, Use of Taylor v. Barlly*, 216 Md. 94, 99, 140 A. 2d 173. In the present case, however, we find no such situation. The type of charge to be given—whether detailed or general—was within the discretion of the trial judge, and he was not required to include the requested instruction in it. *Ager v. Baltimore Transit Co., supra.* In that case we said (213 Md. at 425-426): "The appellant * * * contends that she was entitled as a matter of right to have the jury instructed as to every detail of the duties of the operator of the motor-car, such as his duty to keep a proper lookout, to have the car under proper control and to regulate the speed of his car according to what is reasonable and proper in view of the

circumstances, etc. While there is no objection to the trial court's pointing out any and all of the reciprocal duties and obligations of the respective parties in minute detail, there is no obligation that it do so, provided the subject is fully and comprehensively covered in the charge to the jury. * * * [Maryland Rules, Rule] 554 b 1. *Singleton v. Roman,* 195 Md. 241, 248, 72 A. 2d 705. * * * Her counsel * * * could have argued any legal duty or obligation on the part of the operator of the street-car that did not contravene the instructions of the court." Here as there, we think the instructions given by the trial judge did adequately inform the jury concerning the duties of the defendants, and that it was discretionary with him as to whether or not each detailed obligation should be mentioned in his charge. The *Ager* case is cited with approval on the subject of the kind of instructions to be given in *State, Use of Taylor v. Barlly, supra,* (216 Md. at 283, though the rule of the *Ager* case was not there found applicable), in *Kantor v. Ash,* 215 Md. 285, 291, 137 A. 2d 661, in *Casey v. Roman Catholic Archbishop,* 217 Md. 595, 612, 143 A. 2d 627, and in *Ruella v. MacCauley,* 220 Md. 461, 463, 154 A. 2d 715. The last seems directly in point here. We think that the instructions given were sufficient and that the trial court did not commit error in declining to grant the plaintiff's prayer based upon the size, weight and lack of maneuverability of the tractor-trailer.

In view of the conclusion just stated we need not go into the appellees' contention that the evidence was sufficient in any event to sustain the jury's verdict on the basis of contributory negligence on the part of the plaintiff's agent or employee.

*Judgment affirmed, with costs to the appellees.*