## GEORGE J. MAAS ET AL v. JOAN SEVICK

[No. 25, April Term, 1941.]

*Decided May 20th, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS and FORSYTHE, JJ.

*Max Sokol, with* whom were *Deely K. Nice, M. William Adelson* and *Dickerson, Nice & Sokol* on the brief, for the appellants.

*Harry O. Levin,* for the appellee.

BOND, C. J., delivered the opinion of the Court.

The owner of a motor truck and its driver appeal from a judgment against both of them for damages from injuries caused to a girl child of five years while the truck was passing along an alley in Baltimore City. No witness saw the truck strike the child, but she was injured, and a charge of negligent cause in the driving is based upon estimates of her position and that of the truck just before and after the accident.

The child had been playing with others in the back yard of a house of a Mrs. Vester, on the east side of Parklawn Avenue, north of Erdman Avenue, and came into the alley just as the truck came along. The truck had come east on Erdman Avenue, crossed a rough vacant lot to the south of the Parklawn Avenue houses, and, making a short turn, entered the alley driven northerly. It had been so driven through the alley a number of days. There was evidence that it was driven fast on Erdman Avenue, but nothing as to its speed in the alley can be inferred from that fact, and the driver's testimony that he was moving at a rate of eight to ten miles an hour is the only testimony to it. A short stop to which all the witnesses testify tends to confirm his estimate. The alley at the site is twelve feet one inch wide, paved with concrete, and without sidewalks.

After the child was hurt, she was carried to a hospital, and according to the testimony of witnesses who were with her, the driver, a police officer and a neighbor, she was conscious, talked plainly, and repeatedly told her mother and the officer that she ran from the yard into the truck, but the mother testified that the child was at that time in agony, screaming for her mother and did not make any statement; and in this there was a dis-

pute which only the jury could settle. But the difficulty in the case is in finding evidence that, contrary to this explanation, the accident was caused by negligence in the driver. It happened quickly, in a short space behind one nineteen-foot yard, and the time and distances estimated in the evidence were all short.

Evidence of such a negligent cause is sought chiefly in the testimony of a Mrs. Vogel, who from time to time looked up at the children, among whom was one of her own, from work in her kitchen next door. The yards in the block are nineteen feet wide, and have wire fences about three feet high, and Mrs. Vogel had a clear view. She testified that just before the accident she saw the plaintiff walking up the side of the alley in the same direction as the oncoming truck, and pretty close to the fence. Mrs. Vogel did not see the truck coming, but obviously it was there. She heard no horn. Then, "no sooner had I turned my back than I heard the holler and the brake. * * * I had hardly turned my head when I heard the holler. * * * It would not have been more than three or four seconds." Counsel argue that the jury might take this estimate of seconds elapsed as exact, but it was not made as an exact estimate, and the court cannot find that in this context it would afford the jury a basis of an exact estimate on their part. The turning of the witness' back or head would be much quicker. As to the position of the plaintiff before her contact with the truck, and that of the truck after the accident, the witnesses differ. The plaintiff's witnesses placed her at about midway the yard which, according to a plat exhibited, would be about five feet up from the gate, which is toward the south corner; and at that point she stood after she had been hurt. Mrs. Vogel did not know the exact position of the truck when stopped, but was inclined to place it at her gate, next to the north, a distance of nineteen feet, or the truck length, beyond the gate to the yard where the children had been playing. Mrs. Vester, whose yard that was, placed it in about the same position; still another witness placed it some-

what further north. But all estimates indicate a stop of the truck about where the child was struck, or a few feet beyond. The driver said he had caught sight of the child out of the corner of his eye as it ran through the yard toward the rear wheel of his truck, that he stopped as soon as he could, and that then the front wheels were at about the gate next on the north, Mrs. Vogel's gate. Its distance from the fence beside the truck was estimated at from two to two and a half feet.

No evidence of negligence is found in this testimony of the distance from the fence. The truck was six feet wide, and if driven in the middle of the alley would have left only three feet clearance on either side, and a change of distance of a foot in coming to a stop would not be unlikely. And it could not alone indicate negligence if it was driven one foot more to the left than to the right in the alley, as such a variation from the exact middle in such a narrow alley is clearly consistent with due care. A division of a twelve-foot alley into right and left sides for passage of a truck, which must be the sole occupant of it while there, would be unreal. It is not required by the rule of the road provided for ordinary highways because impracticable (Code 1939, art. 56, sec. 235), although there might be a lack of care in driving too close to a pedestrian seen passing.

The testimony that the child was walking along the side of the alley as the truck came along, together with the fact that after the accident it was only about the middle of the yard, or five feet from the gate, from which it had come, means that she had just stepped from the gate, and still leaves the manner of its coming out untold, and leaves untold the reason for its contact with the truck. The inference that the driver, contrary to his testimony, had time to see the child there and to avoid it, is based on speculation as to his movements from the estimates of the distance to where the truck stood after its stop. And this seems to present too little foundation for a finding, for he had stopped almost at the

spot, could not have been coming fast nor for any considerable interval of time. It seems to the court that only by a strained interpretation of this evidence could a case of causal negligence be built up.

The sum and substance of the evidence relied on by the plaintiff is that she was in the alley about five feet from the gate, a few steps to the north as she came into contact with the truck, and the truck was stopped at the distance of its length, or a little more, beyond the gate from which the child had come. All these things could be true if the child had come from the gate suddenly and collided with the truck, without negligence on the driver's part, and do not indicate the contrary. Inferences from such narrow facts are of dubious value, and here this court, differing from the conclusion of the trial court, finds them legally insufficient to prove negligent cause. To permit submission of a case to a jury for its finding, there must be evidence of the cause of action beyond conjecture and speculation, not as we think this testimony is, "of so slight and inconclusive a nature as to be wholly insufficient to be made the basis of a verdict." *Clarke v. Dederick*, 31 Md. 148; *Hagerstown & F. R. Co. v. Wingert*, 133 Md. 455, 457, 105 A. 537; *Merchants' & Miners' Transp. Co. v. State use of Hazelton*, 108 Md. 564, 567, 70 A. 413.

For these reasons the court finds that the direction of a verdict prayed by the defendant should have been granted. There is no need of considering other objections made.

*Judgment reversed, without a new trial,*
*with costs.*