FLYER, Etc. ET AL. *v.* DEL BORRELL ET AL.

[No. 171, September Term, 1961.]

*Decided February 19, 1962.*

The cause was argued before BRUNE, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Warren E. Miller,* with whom was *Gene R. Arnold* on the brief, for the appellants.

*John M. McInerney,* with whom were *McInerney & Latham* on the brief, for the appellees.

MARBURY, J., delivered the opinion of the Court.

Claudia Jan Flyer, a six year old girl, and Irving N. Flyer, her father, sued Alice Catherine Del Borrell, driver of an automobile, and Paul Francis Del Borrell, owner, for damages resulting to them, respectively, from an accident in which the automobile struck the child. At the conclusion of the plaintiffs' case the court below, on motion of the defendants, directed a verdict in their favor on the ground that the evidence did not show any primary negligence on the part of

the driver of the striking automobile. From the judgment which followed, the plaintiffs appealed to this Court.

In passing on a directed verdict for the defendants, we have resolved all conflicts in the evidence of the appellants and assumed the truth of all evidence and all inferences which may naturally and legitimately be deduced from that evidence, which tend to support their right to recovery. We conclude that they have failed to prove any negligent act or omission of the appellees responsible for injury to or damage suffered by either appellant. This being so, the court below was correct in holding that on appellants' own showing there was no rational ground upon which a verdict for them could be based. *Olney v. Carmichael*, 202 Md. 226, 96 A. 2d 37; *Eisenhower v. Balto. Transit Co.*, 190 Md. 528, 59 A. 2d 313.

On July 16, 1959, at approximately seven o'clock, p.m., in broad daylight, the appellee Alice Catherine Del Borrell, was operating an automobile in a southerly direction on East Nolcrest Drive, Silver Spring, Maryland. Her husband was riding as a passenger, to her right. At the time of the accident East Nolcrest Drive was twenty-seven feet wide from curb to curb, with automobiles parked on both sides. As Mrs. Del Borrell proceeded between the parked cars, the infant appellant Claudia Jan Flyer, darted out between two cars on her left immediately into the path of her vehicle. Claudia had been playing in a yard across from her home on East Nolcrest with a boy named Bruce Horton. Bruce had dipped a stick into some dog excrement, had thrust the stick at Claudia, and was trying to put it on her. She started to run and, without looking either way, ran out between two parked cars and was struck by the left front portion of the bumper, radiator, and hood of the appellees' vehicle. The speed limit was twenty-five miles per hour and Mrs. Del Borrell, according to the testimony, was proceeding at a speed between ten and fifteen miles an hour. When the child ran out between the cars into her path she was right on the child; she applied her brakes and her husband jerked the wheel to the right. The car came to rest with its front wheels over the curbing, where it stopped against a small tree in a grass plot, at an angle of approximately forty-five degrees to East Nolcrest Drive, with the child under the car.

Corporal Archie W. McNeil, of the Montgomery County Police Department, the investigating officer, called as a witness for the appellants, testified that he measured the distance from the point of impact to where the child was found as ten feet. He further testified that there were no marks on the tree or vehicle, and that the bark was not disturbed on the tree.

The appellant child did not testify, nor did her playmate Bruce Horton, although both had given depositions under pretrial discovery procedure, but these were not offered in evidence.

Appellants' theory of negligence rests upon the testimony of one witness, their neighbor, Lloyd B. Thomas, who apparently witnessed the accident at a distance of from one hundred thirty to one hundred fifty feet from the point of impact. He testified that he was cutting grass with his head down, using "little hand cutters." While looking at the ground he heard a scream, a thud, and then he lookd up. He could see the child under the car. At one point he stated the woman in the car screamed, and had thrown up her hands. Elsewhere he stated that it could have been the child screaming. There were two automobiles parked between where he was working and where the impact took place. He said that it took him a split second to orient himself as to what was occurring; that he couldn't see very well but that he saw the car proceeding south, before turning, over a distance of fifteen to twenty feet. He never got closer than sixty to seventy feet from the car while it was moving. He did not see the automobile nor the child before the impact, nor did he see the impact. All of his observations as to the actions of the child, the operator, and her passenger were made during the time in which the car, traveling between ten and fifteen miles an hour, covered a distance of about thirty feet, according to his calculations, and he conceded that his estimate of distance was a guess.

From this evidence the appellants' argument may be summarized that the appellee wife was negligent in: 1, failing to apply her brakes effectively; 2, driving recklessly, in that she took her hands off the wheel; 3, not responding with ordinary care and prudence when confronted with an emer-

gency; and 4, failure to exercise the proper degree of care and caution owed to children. In support of these inferences of negligence which they claim could be drawn from the evidence, they rely on the case of *Miller v. Graff*, 196 Md. 609, 78 A. 2d 220. The *Miller* case involved a child crossing the street from the left of a motorist, who was accused of speeding, and the Court stated, was "not one where a person suddenly leaves a sidewalk or other place of safety and darts directly into the path of a car." Moreover, the facts in that case show definite evidence not only of excessive speed but also an opportunity to see the child in a position of potential danger. Here, there is no evidence of any excessive or unusual speed. The evidence and inferences to be drawn from the facts are to the contrary. In this case the evidence in the form of the testimony of the investigating officer was that no skid marks were found, there was no evidence of the child or any other children being in the street any length of time before the accident, nor was there any evidence as to whether the defendant could have avoided a collision by promptly and effectively applying her brakes.

The testimony of the witness Thomas, who did not see the collision but looked up after he heard a thud, when he was at a distance of from one hundred thirty to one hundred fifty feet from where the accident occurred, was that it appeared to him "that the woman had thrown her hands up," and that "later, as the car came down the street, the man reached over and turned the wheel, turning the car towards the curb." This would not give rise to an inference that either the driver or the passenger was guilty of any act of commission or omission which, under the circumstances, might constitute negligence.

It was not shown what opportunity Mrs. Del Borrell had to observe the child as it darted from her left between the parked cars, nor how much time she had to apply her brakes when confronted with the emergency. The investigating officer, Corporal McNeil, who was the appellants' witness, testified that from where he determined the point of impact, the child was carried a distance of approximately ten feet. Since it was shown that she did apply her brakes, after mak-

ing allowance for reaction time and the braking efficiency of the brakes (there was no evidence of deficiency), we conclude that there was no evidence produced by the appellants legally sufficient to enable a jury to draw a rational inference or conclusion of negligence.

The duty owed by the driver of an automobile or truck to children is ordinary care and caution in such degree as the facts in the particular instance require. *Finlayson v. Gruzs,* 222 Md. 192, 159 A. 2d 864, and cases cited therein. There is not a scintilla of evidence to show that a prudent person, confronted with the same situation, would have acted differently, or that the appellees did anything that prudent persons would not have done. As was said in *Cocco v. Lissau,* 202 Md. 196, 202, 95 A. 2d 857, where there was a factual situation similar to that here involved: "if a child darts out in front of an approaching automobile when the driver is traveling at a reasonable rate of speed and obeying the rules of the road, so that with the exercise of ordinary care he is unable to avoid running into the child, he is not liable for any injuries the child may sustain." Here there is nothing to indicate that the driver of the car actually saw, or reasonably could or should have seen, the child until she suddenly appeared in front of her. *Dorough v. Lockman,* 224 Md. 168, 167 A. 2d 129; *Olney v. Carmichael, supra,* and *Maas v. Sevick,* 179 Md. 491, 20 A. 2d 159.

As we have determined there was a complete absence of legally sufficient evidence that the appellee driver was driving at an excessive speed, or in a reckless manner, or that she could have avoided striking the child by the exercise of ordinary care, or that she or her husband committed any sequential act of negligence after the child was struck, the trial court was correct in directing a verdict for the appellees and it is unnecessary to discuss any other questions that were argued.

*Judgment affirmed, with costs.*